UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TIERE R. BARKSDALE,

      Plaintiff,

      v.                                          6:18-CV-6239
                                                  DECISION & ORDER
ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION.,

      Defendant.

On March 22, 2018, the plaintiff, Tiere R. Barksdale, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On October 13, 2018, Barksdale moved for judgment on the pleadings, Docket Item 11; on December 12, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 14; and on January 2, 2019, Barksdale replied, Docket Item 15.

For the reasons stated below, this Court denies Barksdale's motion and grants the Commissioner's cross-motion.

## BACKGROUND

I.    **PROCEDURAL HISTORY**

On January 4, 2017, Barksdale applied for Supplemental Security Income benefits. Docket Item 9-2 at 16. He claimed that he had been disabled since October

4, 2010, due to lead poisoning, a learning disability, nerve issues, and a heart murmur. Docket Item 9-6 at 16.

On April 17, 2017, Barksdale received notice that his application was denied because he was not disabled under the Act. Docket Item 9-2. at 16. He requested a hearing before an administrative law judge ("ALJ"), which was held on September 11, 2017. *Id.* The ALJ then issued a decision on November 7, 2017, confirming the finding that Barksdale was not disabled. *Id.* at 29. Barksdale appealed the ALJ's decision, but his appeal was denied, and the decision then became final. *Id.* at 2.

## II. THE ALJ'S DECISION

In denying Barksdale's application, the ALJ evaluated Barksdale's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or impairments meet or equal one listed in the regulations,

2

the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one the ALJ found that Barksdale had not engaged in substantial gainful activity since the alleged disability onset date. Docket Item 9-2 at 19. At step two, the ALJ determined that Barksdale had several severe impairments: a learning disability, depression, anxiety, bipolar disorder, and cannabis abuse. *Id.* At step three, the ALJ found that none of Barksdale's impairments met or medically equaled the

3

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, either singly or in combination. *Id.* at 20. At step four, the ALJ reached the following RFC determination:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has sufficient attention and concentration to understand, remember and follow simple instructions; can occasionally engage in interaction with the general public; and occasionally engage in interaction with co-workers.

*Id.* at 22. At step five, the ALJ determined that a significant number of jobs exist in the national economy that Barksdale can perform with his RFC, such as laundry worker or hand packager. *Id.* at 27-28.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application

4

of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I. ALLEGATIONS

Barksdale objects to the ALJ's failure to reconcile the opinion of the consultative examiner, Yu-Ying Lin, Ph.D., with his RFC. Docket Item 11-1 at 11-17. He specifically argues that the ALJ erred by assigning great weight to Dr. Lin's opinion but failing to incorporate every limitation about which Dr. Lin opined into his RFC. *Id.* Barksdale argues that this error requires remand.

### II. ANALYSIS

Generally, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (internal citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). But when the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). So when an ALJ adopts only parts of a medical opinion, the ALJ must explain why the other parts were rejected. *Raymer v. Colvin*, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015) ("[A]n ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portion."). The

5

"explanation need not be exhaustive: it is enough if the Court can 'glean the rationale of an ALJ's decision.'" *Chance v. Comm'r of Soc. Sec.*, 2019 WL 2123565, at *6 (W.D.N.Y. May 15, 2019) (quoting *Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

Here, Dr. Lin noted several limitations. More specifically, he opined that Barksdale

> [C]an understand, remember, and apply simple directions and instructions without limitation. He is markedly limited in understand [sic], remember [sic], and apply [sic] complex directions and instructions. He is moderately limited in using reason and judgment to make work-related decisions. He is mildly limited in interacting adequately with supervisors, coworkers, and the public. He is mildly limited in sustaining concentration and performing a task at a consistent pace. He can sustain an ordinary routine and regular attendance at work without limitation. He is moderately limited in regulating emotions, controlling behavior, and maintaining well-being. He is mildly limited in maintaining personal hygiene and appropriate attire. He can be aware of normal hazards and take appropriate precautions.

Docket Item 9-7 at 125-26. The ALJ gave this opinion "significant weight" in formulating Barksdale's RFC. Docket Item 9-2 at 26.

Barksdale argues that the ALJ's RFC determination was inconsistent with Dr. Lin's opinion because it omitted Dr. Lin's opinion that Barksdale had moderate limitations using reason and judgment to make work-related decisions; moderate limitations regulating emotions, controlling behavior, and maintaining well-being; mild limitations sustaining concentration and performing tasks at a consistent pace; and mild limitations maintaining personal hygiene and appropriate attire. Docket Item 11-1 at 13-14.

At the outset, it is not clear how the RFC actually conflicts with Dr. Lin's opinion. *See Dioguardi*, 445 F. Supp. 2d at 297. Indeed, Dr. Lin explicitly found that none of Barksdale's limitations "appear to be significant enough to interfere with the claimant's

6

ability to function on a daily basis." Docket Item 9-7 at 126. Because the RFC "is the most [the claimant] can still do despite [his] limitations," 20 C.F.R. § 404.1545(a)(1), the ALJ was not required to address limitations that did not interfere with Barksdale's "ability to function" when determining his RFC.

But the ALJ indeed did address the limitations that Dr. Lin noted. For example, the ALJ accommodated Barksdale's marked limitations in understanding, remembering, and applying complex instructions, and his mild limitations interacting with others and maintaining concentration, persistence, or pace, "by limiting the claimant to the ability to sustain attention and concentration sufficient to understand, remember and follow simple instructions; and to only occasional interaction with coworkers and the general public." Docket Item 9-2 at 27. The RFC limitations—and especially "limiting the claimant to the ability to sustain attention and concentration sufficient to understand, remember, and follow simple instructions"—would also account for Barksdale's moderate limitations in using reason and judgment to make work-related decisions.

The ALJ appropriately discounted other limitations in light of Dr. Lin's notes regarding Barksdale's effort and motivation. Immediately after listing the limitations in his medical source statement, Dr. Lin opined that Barksdale's "[d]ifficulties are caused by lack of motivation." Docket Item 9-7 at 126. Likewise, earlier in his notes Dr. Lin found that Barksdale's memory skills were "moderately impaired due to limited intellectual function and *lack of effort*." *Id.* at 125 (emphasis added). The ALJ explicitly referred to those notes about motivation and effort in his decision: "Dr. Lin specifically noted that the claimant's functional limitations were caused through lack of motivation." Docket Item 9-2 at 25-26.

7

Contrary to the plaintiff's assertion, the ALJ did not "ignore" any limitations that Dr. Lin found. *See* Docket Item 11-1 at 12, 14; Docket Item 15 at 3-4. On the contrary, the ALJ's RFC analysis addressed each of the limitations that Dr. Lin found. *See, e.g.*, Docket Item 9-2 at 25-26 ("markedly limited in understand[ing], remember[ing], and apply[ing] complex directions and instructions; and . . . moderately limited in using reason and judgment to make work-related decisions") ("moderately limited in regulating emotions, controlling behavior, and maintaining well-being") ("mildly limited in sustaining concentration and performing a task at a consistent[] pace") ("mildly limited in maintaining personal hygiene and appropriate attire"). The marked and moderate limitations were incorporated into the RFC's limitations with regard to following only simple instructions and limiting interaction with the public and co-workers. *Id.* at 22. And the ALJ explained why the other mild limitations were not included in the RFC: Dr Lin explicitly found that they did not interfere with Barksdale's ability to function day-to-day and that any "functional limitations were caused [by] a lack of motivation." *Id.* at 25-26. So Dr. Lin's notes are consistent with the ALJ's determination of Barksdale's RFC. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision"). So there is no gap between what Dr. Lin found and the RFC.

Barksdale argues that Judge Telesca's decision in *Thomas v. Colvin*, 2016 WL 6993384 (W.D.N.Y. 2016), "is nearly identical" to this case, also involved Dr. Lin, and should likewise result in reversal of the ALJ's decision. *See* Docket Item 11-1 at 12-13. In *Thomas*, however, the ALJ "summarized Dr. Lin's opinion as finding that Plaintiff 'would have trouble dealing with stress, but would otherwise have no limitations. . . .'"

8

*Thomas*, 2016 WL 6993384, at *4. Judge Telesca noted that Dr. Lin actually opined that the plaintiff "*cannot* deal appropriately with stress." *Id.* (emphasis in original). Therefore, Judge Telesca concluded that the ALJ "altered Dr. Lin's categorical opinion," making it "less restrictive" and not appropriately incorporating it into the RFC. *Id.*

Here, the ALJ made no such error. Here, the ALJ accurately noted Dr. Lin's limitations and appropriately addressed them. Although there are some similarities between *Thomas* and this case, that key difference compels a difference result.

In sum, the ALJ's careful decision permits the Court to glean the rationale behind Barksdale's RFC. *See Chance*, 2019 WL 2123565, at *6; *cf. Chase v. Colvin*, 2013 WL 3821630, at *2 (D. Or. July 22, 2013) (ALJ relied on "evaluations which reflected plaintiff's lack of effort . . . and his lack of motivation" to discount the claimant's testimony); *Dugan v. Astrue*, 2008 WL 4500653, at *6 (W.D. Pa. Oct. 7, 2008) (holding that ALJ's hypothetical questions to the vocational expert were proper despite omission of limitations that were "affected by poor motivation to the point of oppositional behavior and lack of effort.") (internal quotations omitted). And that RFC is consistent with Dr. Lin's findings and opinions. Because the Court understands the ALJ's rationale, and because that rationale is supported by substantial evidence in Dr. Lin's opinion, Barksdale's argument does not warrant remand.

## **CONCLUSION**

For the reasons stated above, Barksdale's motion for judgment on the pleadings is DENIED, the Commissioner's cross motion for judgment on the pleadings is GRANTED, the complaint is DISMISSED, and the Clerk of Court shall close the file.

SO ORDERED.

Dated:   August 15, 2019
         Buffalo, New York

                                         *s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE